

ATTORNEYS AT LAW

230 Park Avenue, 21st Floor | New York, NY 10169 | Telephone: 212.682.8811 | www.dunnington.com | LMcGrath@dunnington.com

April 4, 2022

**VIA ECF AND ELECTRONIC MAIL**
Hon. Andrew Carter
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007
Email: ALCarterNYSDChambers@nysd.uscourts.gov

> Re: **Pablo Ravazzani v. Nina Sarin Arias d/b/a Arias New York**
> **SDNY Civil Case No.: 1:22-cv-00876-ALC**
> **Request for Pre-Motion Conference**

Dear Judge Carter,

This firm represents defendant named in the Complaint as "Nina Sarin Arias d/b/a Arias New York" (referred to here as the individual "Nina" or "Defendant"). Pursuant to Practice Rule 2.A. of the Court's Individual Practices, we write to request a pre-motion conference regarding an anticipated motion to dismiss pursuant to Federal Rules of Civil Procedure ("FRCP"), Rules 8, 12(b)(6) and 12 (b)(7) and for an order directing Plaintiff to post security pursuant to Rule 54.2 of the Local Civil Rules for the Southern District of New York.

### I. Background of the Suit and Nature of the Complaint

The Complaint asserts one cause of action, for copyright infringement, but, in reality this dispute is, at most, a dispute over a contract for photographs of clothes sold through e-commerce. In short, Plaintiff alleges infringement because Plaintiff asserts (without actually providing any facts) that the pictures he was paid to take (unartistic thumbnail photos showing the clothes to be sold) were used without his permission even though they were used for the purpose for which he was engaged (and paid) to take them.

### II. Summary of the Proposed Argument and Legal Authorities

#### A. Plaintiff Has Sued the Wrong Party.

Plaintiff has sued "Nina Arias d/b/a Arias New York." Taking the Complaint as true, the photos at issue (listed and reproduced at Exhibit 1 to the Complaint) were published on the



website (www.ariasnewyork.com), which it is beyond dispute is owned and operated by Arias LLC dba "Arias New York." Thus, as a threshold matter, Plaintiff has incorrectly listed an individual as "doing business as" Arias New York, when, in fact, Arias LLC is doing business as "Arias New York." The Complaint further fails to provide any allegations sufficient to establish Nina's personal liability as an individual because, instead, the gist of the Complaint is directed at whatever person is "d/b/a Arias New York"— and that is the Company Arias LLC. Thus, Plaintiff "fails to allege by what acts the [Defendant] infringed those copyrights," and because the Complaint contains only conclusory allegations that the Defendant acted improperly, the Complaint should be dismissed. *See Ranieri v. Adirondack Dev. Group, LLC,* 2013 WL 1292010 at *7 (N.D.N.Y. March 27, 2013) (granting dismissal of copyright claim against defendant pursuant to Rule 8 because Complaint failed to allege any factual allegation linking particular defendant to alleged wrongful conduct).

### B. Plaintiff Has Not Alleged Willfulness.

The Complaint fails to adequately allege willfulness. The Complaint requests that Plaintiff be awarded statutory damages pursuant to the Federal Copyright Act (Compl. at pp. 5-6). Such enhanced statutory damages are proper only where the copyright owner has sustained the burden of proving, and the Court has found, a defendant's infringement was committed willfully. *See* 17 U.S.C. § 504(c)(2); *Island Software & Computer Serv., Inc. v. Microsoft Corp.,* 413 F.3d 257, 262 (2d Cir. 2005).

Here, Plaintiff's Complaint is wholly devoid of allegations to support a willfulness claim — especially in regard to the willfulness of the individual named here. Plaintiff merely claims he is entitled to "statutory or actual damages, damages incurred as a result of Plaintiff's loss of licensing revenue and Defendant's profits attributable to infringements, and damages suffered as a result of the lack of credit and attribution." (Compl. at pp. 5-6). Even drawing all inferences in Plaintiff's favor, Plaintiff's sparse pleadings fail to raise a plausible inference that Nina acted willfully in any infringement of any of the listed photographs. Therefore, the Court should dismiss Plaintiff's claim of willful copyright infringement.

### C. Plaintiff Fails To Attach Any Documentation And The Documents Referenced Demonstrate No Infringement.

The Complaint fails to attach any proof of the licenses Plaintiff posits are at issue. The Complaint alleges that Plaintiff granted Defendant "a limited license" to use the photographs for one year and only for the Arias New York website. (Compl. at pp. 15 and 17). As a threshold matter, the Complaint is nearly devoid of any specifics regarding the "who, what, where and when" of any infringement — which this Court knows forms a basis itself for dismissal. *See Palmer Kane LLC. v. Scholastic Corp.*, 105 U.S.P.Q.2d 1973 (S.D.N.Y. 2013). Instead, what little detail and "allegations" exist are contained in an exhibit - Exhibit 1. Specifically, the

Hon. Andrew L. Carter
Page 3



Complaint, Exhibit 1 alleges in the column entitled "Infringing Use(s)" that the offending uses were: use on the Arias Website and also, for certain photos, use on Facebook and Instagram. That allegation is not credible — and is in fact disproved by the language of the Invoice for the listed photos (documentary evidence that Plaintiff alludes to in the Complaint but fails to attach in an exhibit to the Complaint). The Invoice demonstrates Plaintiff conveyed "usage rights" for the photographs to be used for the Arias New York website (www.ariasnewyork.com) "and social media." Accordingly, because the listed "Infringing Use" for each photo was actually the licensed usage, the Court should dismiss the Complaint.

### D. Plaintiff Cannot Demonstrate Damages and Failed to Join Arias LLC.

Plaintiff cannot allege, let alone prove, damages here. The Copyright Act, under which Plaintiff brings this suit, is intended "[t]o promote the Progress of Science and useful Arts, U.S. Const. Art. I, § 8, cl. 8, "by granting authors a limited monopoly over (and thus the opportunity to profit from) the dissemination of their original works of authorship," *Authors Guild, Inc. v. HathiTrust,* 755 F.3d 87, 95 (2d Cir. 2014). Even if there had been any unauthorized use of any photograph, which Nina denies, apart from making broad legal conclusions in the Complaint, Plaintiff has not alleged any specific damages — because there are none. The photographs have no value outside of exhibiting the clothing offered by Arias LLC. As the Court can see, there are no other conceivable uses for the photos in question – the photos exhibit Arias LLC's clothes, a model's personage and nothing else (other than a lack of any real artistic content). Plaintiff, the photographer, could not and cannot use these photos in any other market because then the clothes of Arias and the image of the model would be at issue. Accordingly, because these collaborative works were bought and paid for by Arias LLC and the Plaintiff cannot use these photos in any other venue, any use complained of here cannot have damaged the ability of Plaintiff to market these photos elsewhere. Indeed, at best, this is a dispute about the contract under which the photos were purchased to be used for e-commerce, and not about infringement.

In addition, this highlights the issue of the misidentified Defendant. To the extent Plaintiff is asserting any claim here, it must be made against Arias LLC — the clothing company that is "doing business as" Arias New York. Failure to join Arias LLC constitutes grounds for dismissal under FRCP 12(b)(7).

Wherefore, Defendant respectfully requests the matter be scheduled for a conference.

Respectfully submitted,

/s/ Luke McGrath
/s/ Claudia G. Jaffe